IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| IN RE: TEXTNOW, INC. | ) | Civil Action No. 24-mc-247-JLH-SRF |
| | ) | |

**<u>MEMORANDUM ORDER</u>**

At Wilmington this **31st** day of **May, 2024**, the court having considered the Motion to Compel the Production of Documents from Non-Party TextNow, Inc. Pursuant to Fed. R. Civ. P. 45, filed by petitioner Stephanie Dapper (D.I. 1),[1] IT IS HEREBY ORDERED that Dapper's motion is GRANTED-IN-PART.

1.  **Background.** Dapper was previously employed as a Fire Hall Technician at Marathon Petroleum Company's refinery in Anacortes, Washington. (D.I. 1 at 2) On September 24, 2021, days after she asserted claims of sexual harassment, hostile work environment, and retaliation against her employers, she began receiving notices that unauthorized users were attempting to access her private social media accounts. (*Id.* at 2-3) The harassment and intimidating behavior she experienced at work increased. She was subsequently placed on administrative leave and was terminated on January 21, 2022. (*Id.* at 3)

2.  In or around April of 2022, after Dapper filed a charge with the Equal Employment Opportunity Commission ("EEOC"), one of her former supervisors called her to inform her that intimate images taken from her phone had been posted online. (*Id.*) The former supervisor refused to tell Dapper who was responsible for posting the images. (*Id.*) Dapper

---

[1] Dapper's motion to compel is accompanied by a certificate of service confirming that service of the pending motion was made on TextNow via hand delivery and electronic mail on May 16, 2024. (D.I. 1-2) Under District of Delaware Local Rule 7.1.2(b), the deadline for TextNow to respond to the motion to compel expired on May 30, 2024, and no response was received.

reported the incidents to local law enforcement, and a 17-month investigation ensued. (*Id.*) Law enforcement was not able to conclusively identify the individual(s) responsible for stealing and publishing the images of Dapper. (*Id.* at 4)

3. In April of 2023, Dapper filed suit against her former employers under Title VII of the Civil Rights Act of 1964 and, days later, she began receiving harassing text messages from an unknown number attaching the intimate images. (*Id.* at 3-4) Local law enforcement determined that the threatening text messages were sent via telecommunications carrier Neutral Tandem-Washington, LLC ("Neutral Tandem"), and four other female employees at the refinery experienced similar harassment using their private intimate images. (*Id.* at 4; D.I. 2, Ex. A)

4. Dapper subpoenaed Neutral Tandem for subscriber data for the relevant number between April 1, 2023 and May 31, 2023, but was informed that Neutral Tandem did not possess customer-identifying information. (D.I. 2, Exs. D-E) A subsequent subpoena response identified TextNow, Inc. ("TextNow") as the provider of retail services to the end user subscriber of the target number. (*Id.*, Ex. F)

5. On February 26, 2024, Dapper issued a subpoena to TextNow for documents relating to the subscriber identity of the target number. (*Id.*, Ex. G) The following day, service of the subpoena was made on TextNow's managing agent at 1209 Orange Street, Wilmington, Delaware 19801. (*Id.*, Ex. I) The place of compliance identified in the subpoena is Brandywine Process Servers, Ltd., P.O. Box 1360, Wilmington, Delaware 19899, in compliance with Rule 45(c)(2)(A)'s requirement that subpoenaed documents and information must be produced "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

6.      TextNow did not respond to the subpoena by the March 22 deadline. (D.I. 2, Ex. J) Dapper's counsel reached out to TextNow via its website regarding the subpoena and received no response. (*Id.*) Dapper now moves to compel TextNow's response to the subpoena. (D.I. 1)

7.      The deadline for completion of all discovery in the underlying action is December 2, 2024, and a five to eight-day jury trial is scheduled to begin on March 24, 2025. *See Dapper v. Aegion Energy Services, LLC et al.*, C.A. No. 2:23-cv-632-TSZ, D.I. 50 (W.D. Wash. Feb. 8, 2024).

8.      **Legal Standard.** Rule 45 of the Federal Rules of Civil Procedure permits a party to seek the production of documents from a nonparty through the issuance of a subpoena *duces tecum*. Fed. R. Civ. P. 45(a)(1)(D). A Rule 45 subpoena *duces tecum* is "necessarily constrained by the general scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1)." *Seven Z Enters., Inc. v. Giant Eagle, Inc.*, 2020 WL 7240365, at *1 (W.D. Pa. Mar. 6, 2020) (citing *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013)). Thus, the court may limit or deny discovery when the information sought is not relevant to the parties' claims or defenses or proportional to the needs of the case. *Deibler v. SanMedica Int'l, LLC*, 2021 WL 6136090, at *2 (D.N.J. Dec. 29, 2021).

9.      Under Rule 45(d)(1), the party issuing the subpoena must take reasonable steps to avoid imposing an undue burden or expense on a nonparty subject to the subpoena. Fed. R. Civ. P. 45(d)(1). To determine whether responding to a subpoena *duces tecum* would impose an undue burden, courts consider issues such as relevance, the requesting party's need for the documents, the breadth of the request, the time period covered by the subpoena, and the burden

3

imposed. *United States v. Massimino*, 368 F. Supp. 3d 852, 855 (E.D. Pa. Mar. 25, 2019); *see also In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. Dec. 20, 2021).

   10.   **Analysis.** Dapper has established that a subset of the information sought in the subpoena is relevant to establishing a causal link between her protected activity and her subsequent termination in support of her retaliation claim. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (setting forth the *prima facie* elements for retaliation). The names and physical addresses of subscribers associated with the phone number (360) 587-3865 may reveal who obtained and disseminated Dapper's images after she complained of harassment. The circumstantial evidence supports a likelihood that the subpoenaed information will reveal a nexus between that individual's identity and Dapper's former employer. This evidence includes, but is not limited to, the temporal proximity between Dapper's employment complaints and the dissemination of Dapper's images and/or threatening messages. (D.I. 2, Ex. A; W.D. Wash. C.A. No. 2:23-cv-632-TSZ, D.I. 30)

   11.   Dapper has also established a need for the information. Without this discovery, Dapper will have no certain means of identifying whether the individual(s) who disseminated the images and/or sent the messages are associated with her employers. *See Baseprotect USA, Inc. v. Swarm # 06159132D21BBC88ED40B6E51278879F25243F*, 2012 WL 13032936, at *4 (D.N.J. Oct. 18, 2012) (denying without prejudice motions to quash or modify subpoenas). The police report confirms that execution of a search warrant to identify the individual(s) by IP address was unsuccessful. (D.I. 2, Ex. A at 22) Police interviews with Dapper's coworkers who received and/or viewed the images likewise shed doubt on whether further discovery from these individuals will conclusively reveal who originally gained access to the photos from Dapper's accounts. (*Id.*, Ex. A at 15)

12. The time period covered by the subpoena, which is limited to a two-month window when the messages at issue were sent, is not overly broad. (D.I. 2, Ex. G) However, the categories of information sought under the subpoena go beyond what is needed to establish the relevant connection between dissemination of the images and Dapper's employment activities. The subpoena seeks the following information:

> 1. For the phone number (360) 587-3865, between April 1, 2023 and May 31, 2023:
>    a. All subscriber information, including name, address, contact numbers, activation/deactivation dates, account number, social security number, and accounts features for numbers and/or subscribers associated with the number;
>    b. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and data transactions for all numbers/subscribers associated with the number;
>    c. All available Mobile Data Session and IPv6 reports for all subscribers associated with the number; and
>    d. Identifying information for all devices associated with the number.

(*Id.*)

13. Dapper has not established the relevance or proportionality of the full scope of information sought by the subpoena to the claims in her underlying case. Certain categories of information, such as social security numbers, implicate well-established privacy concerns. *See Tech v. U.S.*, 284 F.R.D. 192, 202 (M.D. Pa. 2012) (citing cases) ("Federal courts have been reluctant to require production of social security numbers given the sensitive nature of this private identifying information."). Moreover, subsections (b), (c), and (d) broadly cover GPS information and identifying subscriber information for all inbound and outbound transactions by other individuals beyond the subscriber(s) for the phone number at issue.

14. Due to the overbreadth of the information sought in Dapper's proposed order, Dapper's motion to compel is granted only with respect to the following information: "All subscriber information, including name, address, contact numbers, activation/deactivation dates,

[and] account number" for the phone number (360) 587-3865 between April 1, 2023 and May 31, 2023. (D.I. 2, Ex. G at ¶ 1(a)) The scope of this relief is consistent with the court's ruling in *Baseprotect USA*, which held that the names and addresses of subscribers were not overly burdensome to produce, and no privilege or confidentiality attached to protect the subpoenaed information from being disclosed to the plaintiff for the limited purpose of the litigation. 2012 WL 13032936, at *3-4.

15. Dapper's use of the information obtained in response to the subpoena shall be limited to the pending litigation captioned *Dapper v. Aegion Energy Services, LLC et al.*, C.A. No. 2:23-cv-632-TSZ (W.D. Wash.), and shall not be used in any other matter, action, litigation, suit, or other legal proceeding, or for any other purpose without the prior written consent of the Producing Party or by Order of this Court or the Court issuing the subpoena.

16. **Conclusion.** For the foregoing reasons, Dapper's motion to compel compliance with the subpoena is GRANTED-IN-PART. (D.I. 1) IT IS ORDERED that:

- On or before **June 7, 2024**, TextNow shall produce all subscriber information, including name, address, contact numbers, activation/deactivation dates, and account number for the phone number (360) 587-3865 between April 1, 2023 and May 31, 2023.

- Dapper's motion to compel is DENIED in all other respects.

- The information produced in response to the subpoena shall be used only for purposes of the pending litigation captioned *Dapper v. Aegion Energy Services, LLC et al.*, C.A. No. 2:23-cv-632-TSZ (W.D. Wash.), and shall not be used in any other matter, action, litigation, suit, or other legal proceeding, or for any other

purpose without the prior written consent of the Producing Party or by Order of this Court or the Court issuing the subpoena.

- Counsel for Dapper shall serve a copy of this Memorandum Order on TextNow by hand delivery and electronic mail, with a read receipt.

17. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

18. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge